## HOME STATE BANK OF MANHATTAN, RESPONDENT, *v.* SWARTZ, APPELLANT.

### (No. 5,978.)

(Submitted November 17, 1926. Decided December 11, 1926.)

[252 Pac. 366.]

*Banks and Banking — Stockholders' Meetings — Failure of Proper Notice — Stock Assessment—Nonpayment—Sale of Stock Void.*

Corporations—Stockholders' Meetings—Notice—Strict Compliance With Statute or By-law Imperative.

1. Where the mode of giving of notice of a meeting of a corporation is prescribed by statute or its by-laws, and a stockholder is not notified in accordance therewith, the action of the meeting is not binding upon him, only strict compliance with the prescribed mode sufficing.

Banks—Stock Assessment—Failure to Give Proper Notice of Special Meeting of Stockholders—Nonpayment of Assessment—Sale Void.

2. By provision of section 6109d, Revised Codes of 1921, and a by-law of a state bank, written notice to its stockholders of a special meeting to devise ways and means to make good an impairment of the capital stock of the bank was required to be mailed to their last known places of residence. A notice was mailed to the attorney of a stockholder residing in a city other than that of the latter's residence. The stockholder did not participate in the meeting. *Held*, under the above rule, that a sale of his stock on nonpayment of an assessment levied against it in pursuance of action taken at the meeting was void.

[1, 2]    Banks and Banking, 7 C. J., sec. 93, p. 515, n. 84 New.

*Appeal from District Court, Gallatin County, in the Ninth Judicial District; H. J. Miller, Judge of the Sixth District, Presiding.*

ACTION by the Home State Bank of Manhattan against Frank Swartz. From a judgment for plaintiff, defendant appeals. Reversed and remanded, with direction to dismiss the complaint.

---

1.    See 7 R. C. L. 336.

*Mr. Harlow Pease,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Walter Aitken,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This suit was brought by the plaintiff bank to recover judgment against the defendant, one of its stockholders, for a balance alleged to be due upon an assessment alleged to have been levied against him and after his stock had been sold to satisfy the assessment. The proceeding is sought to be grounded upon section 6109d, Chapter 90, of the 1923 Session Laws. The case turns upon whether the assessment was binding upon defendant.

The defendant became the owner of ten shares of the capital stock of the plaintiff bank upon June 5, 1915, and remained a stockholder of record until the stock was sold upon January 10, 1924. On the second day of August, 1923, the board of directors of the plaintiff received from the superintendent of banks a notice in writing, concurred in by the governor and attorney general of the state, that an impairment of the capital stock of the bank existed to the extent of eighty-two per cent, and the board was ordered "to make good the impairment within ninety days from the date of the notice." Pursuant to the notice the board of directors convened and adopted a resolution calling a special meeting of the stockholders of the corporation for the 27th of August, 1923, at 2:30 P. M., and directing that notice be given the stockholders in the manner provided by its by-laws. This was in compliance with section 6109d, *supra,* which provides in part: "The board of directors shall, upon receipt of notice, convene and pass a resolution reciting the receipt of such notice of impairment and calling a special meeting of the stockholders of the bank for a day

certain, in the manner provided in their by-laws." Section 3 of Article II of the by-laws of the Home State Bank provides: "Written or printed notice of every regular or special meeting must be prepared and mailed by the cashier to each stockholder of record at his last known place of residence not less. than ten days before any such meeting, and if said meeting be a special one the notice must state the object or objects thereof. Personal delivery of such notice to a stockholder shall be equivalent to mailing."

Prior to 1916 the defendant lived on his ranch at Blaine postoffice in Madison county, and from that year until 1920 he lived with his family in Dillon, Montana. During the latter part of 1920 he removed his family to Los Angeles, California, where he since has resided, except that a portion of the time he has made his residence upon his ranch at Blaine. The cashier did not mail a notice to the defendant at either of these places. Apparently the officers of the bank were not advised of defendant's California address. Mr. Clarke, the cashier, mailed a notice of the stockholders' meeting, to be held on August 27, to the defendant, in care of Harlow Pease, Esq., defendant's attorney, at Butte, Montana, "that being the last known place of residence and the address of said defendant," as the cashier deposed. He testified further that some months before the last-mentioned notice was mailed he had mailed another notice to the defendant at Dillon, Montana, which was then the last known place of residence of said defendant, so far as he (Clarke) had any information, and the notice was returned to the bank as "nondeliverable" at that address. The reason the notice was mailed to the defendant in care of Mr. Pease is explained by Mr. Clarke as follows: Pease was attorney for the defendant and was looking after the assessment for defendant and he (Clarke) knew of no other address of defendant at which any notice or letter would reach him; Pease theretofore had informed him that defendant was traveling around a great deal, had been in Canada and

California, but mail would reach the defendant through the office of Pease in Butte, Montana, "which was the business office of defendant." In effect Mr. Pease denied that he ever gave Mr. Clarke any such information. He said Mr. Clarke did call upon him and was told that defendant had been at his ranch in Madison county recently but probably had left for California; that if Mr. Clarke's business was to collect an assessment from the defendant he would have to do it by suit, as he (Pease) had advised against payment; further he informed Mr. Clarke that he had no authorization to deal with him (Clarke) except to take a release of the bank's claim against defendant. His sole authority was that of an attorney and counselor.

Mr. Pease testified: "Swartz never authorized me to accept service of any notice or papers of any kind, but on the contrary instructed me to care for his interests in the matter of any claim of the Home State Bank, to waive nothing, and to resist all such claims; such instructions were given me in January, 1923, and were subsequently repeated." Further, that he never suggested to the bank or its officers that any notice to defendant could be mailed to his address or in care of his postoffice, and that he never received and never had seen the notice calling a stockholders' meeting.

Mr. Clarke testified that he had mailed a copy of the resolution levying an assessment upon defendant to the defendant at the office of Mr. Pease in Butte on the thirty-first day of August, 1923, this document being designated Exhibit "A," and upon the twenty-fourth day of December, 1923, he also had mailed a notice, directed to the defendant, that his stock would be sold upon January 10, 1924, at 3 o'clock P. M., to defendant in care of Mr. Pease at Butte, this document being designated Exhibit "B." Exhibits "A" and "B" were sent by registered mail and were received by Mr. Pease.

Defendant's stock was sold in accordance with the notice for $10, after which the board of directors in the name of the bank

brought suit to recover of defendant the sum of $490, balance due upon the assessment.

While other questions are presented, answer to a single one determines this lawsuit. Was the requisite notice given the defendant?

[1, 2]  It is admitted that there was not any personal delivery of the notice to the defendant. Nor did the cashier mail any notice to him at his last known place of residence. The cashier's assertion that the office of Mr. Pease was such was a waste of words. His explanation of why the notice was mailed to defendant in care of his attorney rather than to defendant's last known place of residence does not aid the bank. The defendant did not advise the bank that notices might be mailed to him in care of his attorney, and upon the showing disclosed in the record defendant could not be bound by what his attorney said in that respect,—conceding, for the sake of argument only, that Mr. Pease told Mr. Clarke that notices mailed in his care would reach defendant.

The notices required by section 6109d are essential. A recognized principle of law is that notice must be given to every person entitled to be present at a meeting of a corporation, and where no mode of giving notice otherwise is provided personal notice must be given. (*Stow* v. *Wyse,* 7 Conn. 214, 18 Am. Dec. 99; *Benbow* v. *Cook,* 115 N. C. 324, 44 Am. St. Rep. 454, 20 S. E. 453.)

If the mode of giving notice is prescribed by statute or by-law and the stockholder is not notified of the meeting in accordance therewith the action of the meeting will not be binding upon him. "The notice of a stockholders' meeting required by statute is not intended to be an idle ceremony," says Mr. Thompson; "its purpose is to place the stockholder in possession of information that will enable him to protect his interests by being present and taking part in the transaction of such business as may come before the meeting." (Thompson on Corporations, 2d ed., sec. 837, and cases cited.)

Before the bank could levy an assessment against the defendant stockholder it was imperative that it take the steps prescribed by the law. When failure to pay an assessment legally imposed might result in a sale of the stockholder's shares and even in a personal judgment against him, if upon sale his shares should fail to bring sufficient to cover the assessment, it is plain that nothing less than a strict compliance with statutory requirements will suffize. Unless the stockholder assents the entire proceeding is *in invitum* and the rule *strictissimi juris* applies. (*Morris* v. *Metalline Land Co.*, 164 Pa. 326, 44 Am. St. Rep. 615, 27 L. R. A. 305, 30 Atl. 240.)

Being entitled to notice, which was not given, the proceedings of the meeting were not binding upon defendant; consequently, as to him, the subsequent proceedings were invalid.

The judgment is reversed and the cause is remanded to the district court of Gallatin county, with direction to dismiss the complaint.

*Reversed and remanded.*

ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS and HONORABLE HENRY G. RODGERS, District Judge, sitting in place of MR. JUSTICE HOLLOWAY, absent on account of illness, concur.

Rehearing denied December 29, 1926.